IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| NATIONAL EDUCATION ASSOC., INC., ) | |
| ) | |
| Plaintiff-Intervenor, ) | |
| vs. ) | CIVIL ACTION NO. 2:70cv3104-WHA |
| ) | |
| PIKE COUNTY BOARD OF ) | |
| EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On November 2, 2006, the Pike County Board of Education filed a Motion for Declaration of Unitary Status (Doc. # 94 ). Those areas as to which the Pike County Board of Education ("the Board") has not yet been declared unitary are faculty and staff assignment and hiring; student assignments; intra- and inter-district transfers; special education, including talented and gifted; graduation rates; discipline; extracurricular activities; facilities and equipment; and complaints of racial harassment and/or discrimination. On January 11, 2007, the court held a fairness hearing on this motion.

On the basis of the record evidence, witness testimony, and averments of counsel, the court finds that notice of the fairness hearing was properly given, and the court has considered the comments and/or objections which have been timely made.

The court finds that the school district defendants have met the standards entitling the district to a declaration of unitary status.  The Board has fully and satisfactorily complied with the orders of this court.  The vestiges of the prior *de jure* segregated school system have been eliminated to the extent practicable.  The court also finds that the Board has demonstrated a good faith commitment to the whole of the court's decrees and to those provisions of the law and the Constitution that were the predicate for judicial intervention in this school system in the first instance, through the Board's compliance with the court's orders over the years, through its good faith implementation of its contractual obligations under the Consent Decree, and through its stated commitment to the continued operation of a school system in compliance with the Constitution in the future.

The plaintiff parties have succeeded in the task they began decades ago to seek the end of the *de jure* system of school desegregation in the Pike County school district.  By this lawsuit, they sought to bring the district in compliance with the constitutional requirement of equal protection under the law, and the court states today that they have succeeded.  *See NAACP, Jacksonville Branch v. Duval County Schools*, 273 F.3d 960, 976 (11th Cir. 2001).  By its actions today, the court recognizes and congratulates the sustained efforts of all the parties in bringing this long-standing litigation to a final conclusion.  The court is confident that the Board will live up to its public commitment to continue the operation of its school system in compliance with the Constitution and as required by law, without the necessity of further supervision by this court.

The statewide issues involving special education were resolved by a consent decree, which was adopted and approved in this case.  According to the terms of the statewide decree,

any claims in the area of special education are to be raised with the State defendants.  Therefore, claims concerning a local school system do not affect a declaration of unitary status, since the matter must be addressed with State defendants as part of the commitments made under the statewide decree.

The court concludes that control over the Pike County school system is properly returned to the Pike County Board of Education.  Accordingly, it is hereby

ORDERED that the Board's Motion for Declaration of Unitary Status (Doc. # 94) is hereby GRANTED, the outstanding orders and injunctions are hereby DISSOLVED, and court supervision of the Pike County Board of Education and the Pike County School District is ended, and this litigation is DISMISSED.

DONE this 12th day of January, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE